## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEARTHSIDE BAKING CO., INC., | ) | Case No. 08 B 01187 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| | ) | **Hearing Date:  June 9, 2009** |
| | ) | **Hearing Time:  9:30 a.m.** |
| | ) | **Objection Deadline:  May 26, 2009** |

**NOTICE OF FIRST AND FINAL APPLICATION FOR PROFESSIONAL
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

PLEASE TAKE NOTICE that on **Tuesday, June 9, 2009, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 619 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present **Frank/Gecker LLP's First and Final Application for Compensation and Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors of Hearthside Baking Co., Inc.,** a copy of which is hereby served upon you.

        FRANK/GECKER LLP

        By:   */s/ Joseph D. Frank*
            One of its attorneys

Joseph D. Frank (ARDC No. 6216085)
Jeremy C. Kleinman (ARDC No. 6270080)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:     (312) 276-1400
Facsimile:      (312) 276-0035

Dated: April 9, 2009

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEARTHSIDE BAKING CO., INC., | ) | Case No. 08 B 01187 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

**FRANK/GECKER LLP'S FIRST AND FINAL
APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF HEARTHSIDE BAKING CO., INC.**

Frank/Gecker LLP ("F/G"), counsel to the Official Committee of Unsecured Creditors of Hearthside Baking Co., Inc. (the "Committee"), hereby submits its first and final application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330 for legal services performed and expenses incurred during the period commencing February 21, 2008 through and including March 10, 2009 (the "Application Period"). In support hereof, F/G respectfully states as follows:

**INTRODUCTION**

On January 18, 2008 (the "Petition Date"), four of the Debtor's creditors filed an involuntary petition against the Debtor under chapter 7 of the Bankruptcy Code. On January 22, 2008, two additional creditors joined in the involuntary petition.

At the time of the involuntary bankruptcy filing, the Debtor was one of the best-known cookie manufacturers in the Chicago metropolitan area. The Debtor manufactured and sold cookies to grocery stores, drug stores and other retailers and operated a single retail outlet. The Debtor sold millions of dollars worth of cookies during the 2007 holiday season, but by January, 2008, the Debtor was far behind on payments to its vendors.

On February 13, 2008, the Debtor consented to the entry of an order for relief in its bankruptcy case and converted its bankruptcy case to a case under chapter 11 of the Bankruptcy Code. On February 22, 2008, the United States Trustee for the Northern District of Illinois formed the Committee to represent the interests of creditors in the Debtor's bankruptcy case and appointed the following members: Berry Plastics Corporation; CFC, Inc., d/b/a the Columbus Foods Company; The Custom Companies; Independent Can Company; Indiana Sugars, Inc.; Remitz Transportation Services, Inc.; and Rudd Container Corporation.

On March 13, 2008, the Court entered its Order Establishing Procedures for the Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals (the "Monthly Interim Procedures Order").

On March 23, 2008, the Court entered an order authorizing the retention of F/G as counsel for the Committee, retroactive to February 21, 2008.

The Committee, with F/G's assistance, has taken an active role in every major facet of the Debtor's case, including efforts to sell the Debtor's operating assets as a going concern, the investigation and liquidation the Debtor's remaining tangible assets, investigation and pursuit of causes of action against certain of the Debtor's insiders, and the drafting of the plan of liquidation to govern the resolution of the Debtor's bankruptcy case. These efforts have been undertaken at the request of the Committee and/or to assist the Committee to advance the interests of the Debtor's unsecured creditors.

**The Sale of the Debtor's Operating Assets**

Within days after the entry of an order for relief, the Debtor, working with the Committee began marketing the Debtor's operating assets for sale. The Committee assisted in the

negotiation of certain terms of sale, including the break-up fee to be paid to the stalking-horse bidder in the event of an overbid for the Debtor's assets.

On May 7, 2008 the Debtor conducted an auction, at which Consolidated Biscuit Company ("CBC") was the successful bidder, agreeing to pay $1,277,000, subject to certain adjustments, for the purchase of the Debtor's operating assets. The Debtor's sale to CBC was approved by the Court on April 21, 2008 and the Debtor and CBC closed the sale, subject to certain adjustments, on May 30, 2008.

**Litigation against the Debtor's Insiders**

From the time of its formation, the Committee has investigated the claims and causes of action owned by the Debtor's estate, including its claims against several of the Debtor's insiders. The claims against the Debtor's insiders include certain derivative claims pending in the Chancery Division of the Circuit Court of Cook County asserted against Terry Cohen, Wayne Cohen and Melvin Blum and Marvin Gordon, the co-trustees of the trust holding the majority of the Debtor's shares, and additional claims not included in that litigation.

In March, 2008, the Committee sought and obtained authorization from this Court to prosecute the Debtor's claims against its insiders, including the claims pending in the Chancery Court. On April 28, 2008, the Committee removed the pending Chancery Court litigation to this Court.

On May 12, 2008, the Committee filed its own complaint alleging breaches of fiduciary duty, fraudulent transfers and/or preferential transfers against nine different defendants, including each of the defendants in the Chancery Court litigation. On August 4, 2008, the Bankruptcy Court consolidated the Committee's lawsuit with the litigation removed from the Chancery Court (collectively, the "Consolidated Adversary").

In the Consolidated Adversary, the Committee seeks millions of dollars of recoveries from the Debtor's insiders for the benefit of the Debtor's creditors. These claims have been met with extensive, coordinated opposition by the defendants, who have filed numerous procedural motions in an effort to dismiss these claims or, at the very least, remove them from the Bankruptcy Court. These procedural motions have included a motion requesting that the Bankruptcy Court abstain from hearing, and/or remand the Consolidated Adversary, a motion for leave to file an interlocutory appeal regarding the denial of the remand and abstention motion, a motion to withdraw the reference in the Consolidated Adversary to the District Court, and multiple motions to dismiss counts of the Consolidated Adversary. Despite these efforts, the Committee has worked to advance the Consolidated Adversary to the point that it expects the Consolidated Adversary to be trial ready by the fall of 2009.

**The Committee's Plan of Liquidation and Disclosure Statement**

Following the sale of the Debtor's operating assets, F/G assisted the Committee to draft a plan of liquidation (as amended, the "Plan") and accompanying disclosure statement (as amended, the "Disclosure Statement") to control the liquidation of the Debtor's remaining assets and the resolution of creditors' claims against the Debtor. The Plan provides for the orderly liquidation of the Debtor's remaining assets under supervision of a Plan Committee, composed of creditor representatives of three of the Debtor's largest unsecured creditors.

On behalf of the Committee, F/G sent the Plan, Disclosure Statement and other solicitation materials to the Debtor's creditors on January 16, 2009, requesting that the Debtor's unsecured creditors vote on the Plan by the February 11, 2009 voting deadline. The Committee ultimately obtained unanimous consent among the creditors voting on the Plan. On February 18, 2009, the Bankruptcy Court entered an order approving the Committee's Disclosure Statement

and agreed to confirm the Plan pending the filing of all outstanding monthly operating reports and the payment of all fees due to the United States Trustee's office. On February 27, 2009, the Bankruptcy Court entered an order confirming the Committee's Plan.

On March 10, 2009, the Bankruptcy Court's order confirming the Plan became final and, on that same date, the Plan became effective.

This application sets forth in detail the work performed and the time spent by F/G during the Application Period. As set forth in the Monthly Statements which are attached hereto as **Group Exhibit A**, F/G's attorneys and paralegals have spent a total of 1,127.30 hours providing necessary legal services to the Committee. As a result, F/G requests compensation in the amount of $413,598.50 for actual, necessary legal services performed. The average hourly rate is $366.89. In addition, F/G has expended the sum of $8,964.81 for actual, necessary expenses incurred in representing the Committee.

To aid the Court in its review of this application, F/G has divided this application into three parts. Part I describes the services rendered by F/G in assisting the Committee to address the practical and legal issues encountered it encountered in the Debtor's bankruptcy case. Part II describes the qualifications and areas of special expertise of F/G. Part III describes the manner in which fees and costs were calculated by F/G.

**I.       SERVICES PERFORMED**

In complex bankruptcy cases, F/G organizes and separates its billing statements to reflect services rendered by category. For purposes of this Application, F/G used nine categories. Most of these categories are substantive. They cover all work on that topic, regardless of whether it was office conferences, telephone conferences, research or some other type of work. However, court appearances on various matters are combined in a separate category. The categories

employed by F/G and a summary of the hours of services rendered, the value of those services, and the tasks accomplished by F/G in each categories are as follows:

### A.   Administration                                                                $11,659.00

F/G has spent 31.60 hours at a cost of $11,659.00 on administrative matters related to the Debtor's case.  Time billed by the Committee's counsel in this category relates to necessary administrative tasks, including reviewing documents, retrieving necessary documents, filing and serving pleadings and maintaining files.

### B.   Asset Analysis and Liquidation                                    $45,784.00

F/G has spent 127.90 hours at a cost of $45,784.00 on asset analysis and liquidation. During the Application Period, F/G obtained and analyzed the Debtor's financial records, conferred with Debtor's counsel and reviewed documents obtained from third parties in an effort to (i) determine the propriety of substantial payments to the Debtor's secured lender prior to the bankruptcy filing, (ii) identify particular assets available for liquidation and (iii) identify any other financial transactions giving rise to potential claims.  After the sale of the Debtor's operating assets, F/G assisted the Committee to undertake efforts to liquidate the Debtor's Aventura, Florida condominium and the Debtor's collateral interest in a split-dollar life insurance policy insuring the life of Terry Cohen, for which the Debtor paid most of the premiums.  F/G, on the Committee's behalf, negotiated the sale of the Debtor's interest in the Aventura, Florida condominium for $100,000 plus the assumption of all related liabilities, including a $300,000-plus mortgage encumbering the property.  The Committee's efforts to liquidate the collateral interest in the insurance policy are ongoing.

  **C.**  **Claims**                   **$7,910.00**

F/G has spent a total of 24.20 hours at a cost of $7,910.00 on matters related to the review, investigation and reconciliation of claims filed against the Debtor's estate and/or scheduled by the Debtor. During the Application Period, F/G communicated with creditors and the Debtor in an effort to resolve contested claims, reviewed and analyzed proofs of claim and investigated the propriety of certain scheduled liabilities relating to obligations of certain of the Debtor's affiliates. As part of the Consolidated Adversary, F/G has objected to the claims of insiders, pursuant to section 502(h) of the Bankruptcy Code, based on those insider's refusals to return avoidable transfers they received from the estate.

  **D.**  **Committee Administration**          **$24,392.50**

F/G has spent a total of 51.50 hours at a cost of $24,392.50 on matters related to the administration and operation of the Committee. During the Application Period, F/G assisted the in Committee's organization, drafted bylaws for the Committee's consideration and adoption, conducted Committee meetings, prepared Committee meeting agendas and minutes, circulated memoranda, and otherwise communicated and corresponded with individual Committee members. Through F/G's efforts in this category, the Committee has been able to make timely, well-informed decisions regarding various issues impacting the Debtor's estate and its creditors.

  **E.**  **Insider Litigation**              **$215,221.50**

F/G has spent a total of 609.70 hours at a cost of $215,221.50 on the litigation against the Debtor's insiders. As discussed above, the claims against the Debtor's insiders are among the most valuable assets of the Debtor's estate. From the time of its retention, F/G has conducted a substantial investigation into misappropriations of the Debtor's funds over the last decade

totaling in excess of $1.5 million. During the Application Period, F/G (i) investigated the various claims belonging to the Debtor's estate, (ii) participated in, and ultimately removed the litigation from, the Chancery Division, (iii) prepared an additional complaint against those defendants receiving the benefits of funds misappropriated from the Debtor, (iv) addressed the defendants' various procedural attacks to the Consolidated Adversary, and (v) prepared written discovery against each of the defendants. At this time, all defendants have answered the complaint or complaints asserted against them in the Consolidated Adversary, and the parties are proceeding with written and oral discovery and are exploring various settlement possibilities. Due to the efforts of the Committee and F/G, F/G expects that the Committee's claims in the Consolidated Adversary will be tried in a matter of months and will bring substantial value to the Debtor's estate.

### F. Court Appearances $24,537.50

F/G has spent a total of 60.00 hours at a cost of $24,537.50 on court appearances. During the Application Period, F/G appeared at numerous hearings in the Bankruptcy Court, District Court and Circuit Court of Cook County relating to administrative matters in the Debtor's bankruptcy case, the Consolidated Adversary, efforts to liquidate the Debtor's assets and confirmation of the Committee's Plan.

### G. Fee Applications $3,471.50

F/G has spent a total of 13.70 hours at a cost of $3,471.50 on fee applications. Tasks in this category during the Application Period included preparing the Committee's monthly statements, as well as reviewing the fee statements provided by other parties and beginning to draft this Application. The majority of the time spent preparing this Application has come after

the March 10, 2009 effective date of the Committee's Plan and is therefore not included in the total described above.

    **H.**    **Plan and Disclosure Statement**    **$55,135.00**

F/G has spent a total of 149.80 hours at a cost of $55,135.00 on the Plan and Disclosure Statement. During the Application Period, F/G drafted and revised the Plan and Disclosure Statement; researched issues impacting the Plan and its provisions; conferred with Debtor's counsel, the U.S. Trustee's office, members of the Committee and other creditors regarding the provisions of the Plan; distributed the Plan, Disclosure Statement and other solicitation materials to creditors; and conducted a joint hearing on the adequacy of the Disclosure Statement and confirmation of the Plan.

    **I.**    **Sale of Operating Assets**    **$25,487.50**

F/G has spent a total of 58.90 hours at a cost of $25,487.50 on the sale of the Debtor's operating assets. Time billed in this category includes negotiation of sale procedures on behalf of the Committee, negotiating with Debtor's counsel and counsel to the purchaser regarding the terms of sale, and participating in post-closing reconciliations with the parties.

**II.**    **PROFESSIONALS PROVIDING SERVICES TO THIS ESTATE**

    A.    <u>Joseph D. Frank</u> (JDF) is a partner at F/G. Mr. Frank graduated from the University of Chicago Law School in 1993 with honors. Mr. Frank specializes in bankruptcy law and litigation and workouts, and has represented trustees, debtors, committees and creditors in bankruptcy cases throughout the country. Mr. Frank has taken the lead role with respect to most issues in the case and has supervised other attorneys at F/G in research and briefing of various issues.

  B. <u>Frances Gecker</u> (FG) is a partner at Frank/Gecker.  Ms. Gecker is a 1988 graduate of Northwestern University School of Law (*magna cum laude*), where she was a member of the Editorial Board of the Northwestern Law Review and was elected to the Order of the Coif.  Ms. Gecker specializes in bankruptcy, financial restructuring and corporate finance and was involved in organization of the Committee and preparation of the plan and disclosure statement.

  C. <u>Micah R. Krohn</u> (MRK) is a senior counsel at F/G.  Mr. Krohn graduated from the Cardozo School of Law in 1992 and served as law clerk to the Honorable Erwin I. Katz.  Mr. Krohn has been involved in addressing complex litigation issues arising in the insider litigation.

  D. <u>Jeremy C. Kleinman</u> (JCK) is a bankruptcy associate at F/G.  Mr. Kleinman graduated from the University of Michigan Law School in 1999 and served as law clerk to the Honorable John D. Schwartz.  Mr. Kleinman has taken an active role in the insider litigation and assisted with the preparation of the Plan and Disclosure Statement.

  E. <u>Zane L. Zielinski</u> (ZLZ) is a bankruptcy associate at F/G.  Mr. Zielinski graduated from the Chicago-Kent College of Law in 2002.  Mr. Zielinski worked on various matters in the case.

  F. <u>William Cross</u> (WC) is a law clerk at F/G.  Mr. Cross provided research assistance and participated in document review.

  G. <u>Christina S. Smith</u> (CSS) is a paralegal at F/G specializing in bankruptcy.  Ms. Smith provided administrative support in the case and coordinated the solicitation of votes on the Plan.

H. <u>Christina Carpenter</u> (CC) is a paralegal at F/G. Ms. Carpenter provided administrative support.

| Timekeeper | Bar Date Admission | Hourly Rate | Hours Billed | Charges |
|---|---|---|---|---|
| Frances Gecker | 1988 | $550.00 | 56.40 | $31,020.00 |
| Joseph D. Frank | 1993 | $550.00 | 201.70 | $110,935.00 |
| Micah R. Krohn | 1993 | $375.00 | 77.60 | $29,100.00 |
| Jeremy C. Kleinman | 1999 | $325.00 | 693.50 | $225,387.50 |
| Zane L. Zielinski | 2002 | $275.00 | .60 | $ 165.00 |
| William Cross | law clerk | $180.00 | 77.50 | $13,950.00 |
| Christina S. Smith | paralegal | $175.00 | 4.70 | $ 822.50 |
| Christina Carpenter | paralegal | $145.00 | 15.30 | $2,218.50 |
| **Total:** | | | **1,127.30** | **$413,598.50** |
| **Average hourly rate:** | | **$366.89** | | |

### III. CALCULATION OF TIME AND FEES

This is the first and final application for compensation and reimbursement of expenses of the Committee's counsel. It covers the period from February 21, 2008 to and including March 10, 2009. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to this case and that were rendered for the benefit of the Committee. No agreement or understanding exists between F/G and any other person for the sharing of compensation received or to be received in connection with the case, other than as disclosed herein or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

F/G has previously requested and received the following amounts, pursuant to the Monthly Interim Procedures Order, on account of services rendered during the Application Period:

{ HEARTH / 001 / 00017328.DOC / 2}  - 11 -

| Period Covered | Hours | Total Fees Incurred | Fees Requested (after ten percent holdback) | Expenses Requested | Fees Paid (*Ninety percent holdback pursuant to Payment Procedures Order*) | Expenses Paid |
|---|---|---|---|---|---|---|
| **SUMMARY OF MONTHLY STATEMENTS** | | | | | | |
| 02/21/08 – 03/31/08 No. 2635[1] | 89.30 | $38,037.50 | $34,233.75 | $425.10 | $34,233.75 | $425.10 |
| 04/01/08 – 04/30/08 No. 2652 | 133.20 | $54,519.00 | $49,067.10 | $940.66 | $49,067.10 | $940.66 |
| 05/01/08 – 05/31/08 No. 2701 | 101.20 | $36,809.50 | $33,128.55 | $2,665.96 | $32,188.50 | $2,665.96 |
| 06/01/08 – 06/30/08 No. 2738 | 112.10 | $42,539.00 | $38,285.10 | $204.53 | $38,285.10 | $204.53 |
| 07/01/08- 07/31/08 No. 2778 | 88.50 | $32,664.00 | $29,397.60 | $2,143.98 | $29,397.60 | $2,143.98 |
| 08/01/08- 08/31/08 No. 2813 | 72.30 | $24,771.00 | $22,293.90 | $17.40 | $22,293.90 | $17.40 |
| 09/01/08- 09/30/08 No. 2847 | 58.20 | $20,589.00 | $18,530.10 | $293.99 | $18,530.10 | $293.99 |
| 10/01/08- 10/31/08 No. 2919 | 28.50 | $11,562.00 | $10,405.80 | $49.65 | $10,395.80 | $49.65 |
| 11/01/08- 11/30/08 No. 2920 | 78.00 | $32,192.00 | $28,972.80 | $305.95 | $28,972.80 | $305.95 |
| 12/01/08- 12/31/08 No. 2929 | 67.00 | $22,957.50 | $20,661.75 | $75.64 | 0.00 | 0.00 |

---

[1] The First Monthly Statement initially incorrectly requested $33,718.80. An Amended First Monthly Statement was subsequently submitted correcting the requested amount to $34,233.75. Payment was received for the First Monthly Statement rather than the Amended First Monthly Statement, resulting in a shortage of $940.05.

| Period Covered | Hours | Total Fees Incurred | Fees Requested (after ten percent holdback) | Expenses Requested | Fees Paid (*Ninety percent holdback pursuant to Payment Procedures Order*) | Expenses Paid |
|---|---|---|---|---|---|---|
| **SUMMARY OF MONTHLY STATEMENTS** | | | | | | |
| 01/01/09 – 01/31/09 No. | 118.00 | $40,933.50 | $36,840.15 | $1,642.92 | 0.00 | 0.00 |
| 02/01/09 – 02/28/09 No. | 140.60 | $42,442.00 | $38,197.80 | $198.58 | 0.00 | 0.00 |
| 03/01/09 – 03/10/09 No. | 40.40 | $13,582.50 | $12,224.25 | $18.45 | 0.00 | 0.00 |
| **TOTAL:** | **1,127.30** | **$413,598.50** | **$372,238.65** | **$8,982.81** | **$263,364.65** | **$7,047.22** |

F/G did not submit monthly statements for the months ending January 31, 2009 and February 28, 2009 or for the period between March 1, 2009 and March 10, 2009. However, the fees incurred during these periods are shown on the table above and attached hereto as part of Group Exhibit A.

Twice during the pendency of the case, this Court has awarded sanctions or attorneys' fees to the Committee. On October 21, 2008, the Court awarded the Committee sanctions totaling $200.00 from Co-Trustees Blum and Gordon relating to an improperly-asserted motion to compel. On February 2, 2009, the Bankruptcy Court awarded the Committee its attorneys' fees of $1,622.50 incurred in connection with a motion for default judgment the Committee filed against Tewaan Corporation in the Consolidated Adversary. These funds have been transferred to the Debtor, and F/G has not reduced its fee request by these amounts.

In preparing this fee application, F/G has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Committee. The data used came directly from computer records that are kept by F/G for each of its clients. The hourly rates charged are the regular hourly rates charged by F/G to its clients. F/G has endeavored to avoid duplication of effort between parties, and in certain instances where more than one attorney billed for a specific task, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off. This type of representation has been approved in analogous circumstances. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Mfg. Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

The Application also includes out-of-pocket expenses incurred in the amount of $8,964.81, as summarized in the chart below. F/G does not bill its clients or seek compensation in this Application for its overhead expenses, including word processing, in-house photocopying, facsimile transmissions, long distance telephone and legal research; instead, such expenses are factored into F/G's normal and customary rates. F/G does not include charges for postage, outside photocopying, messenger services or local transportation in its overhead because it has determined that it is fairer to F/G's smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate F/G for its actual costs and do not result in undue revenue for the firm. Moreover, F/G's non-bankruptcy clients routinely are billed for and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

| **Expense** | **Amount** |
|---|---|
| Conference Calls | **$1,315.15** |
| Federal Express | **288.29** |
| Filing Fees | **500.00** |
| Local Transportation | **74.00** |
| Messenger Deliveries | **378.99** |
| Outside Photocopying and Data Transmittal Services | **5,931.08** |
| Postage | **385.10** |
| Transcripts and Court Reporter Charges | **92.20** |
| **TOTAL:** | **$8,964.81** |

No compensation has been promised to F/G other than as disclosed or approved by this Court.  F/G certifies that there is no agreement between it and any other party regarding the sharing of fees except among F/G's partners, and F/G has not discussed or negotiated the amount of its fees with any party except its client.  Finally, F/G represents that it is and remains a disinterested party and does not hold any relationship adverse to this estate.

WHEREFORE, F/G respectfully requests that this Court enter an Order:

A. Allowing F/G reasonable compensation, on a final basis, for actual, necessary legal services rendered in the total amount of $413,598.50;

B. Allowing F/G reimbursement, on a final basis, for actual, necessary expenses incurred in the total amount of $8,964.81;

C. Authorizing and directing the payment to F/G of unpaid fees in the total amount of $150,233.85 and unpaid costs in the amount of $1,917.59.

D. Granting such other relief as the Court deems just and equitable.

Respectfully submitted,

FRANK/GECKER LLP

By: */s/ Joseph D. Frank*
One of its attorneys

Joseph D. Frank (ARDC No. 6216085)
Jeremy C. Kleinman (ARDC No. 6270080)
FRANK/GECKER LLP
325 North LaSalle Street
Suite 625
Chicago, Illinois 60654
Telephone: (312) 276-1400
Facsimile: (312) 276-0035

Dated: April 9, 2009

# CERTIFICATE OF SERVICE

I, Joseph D. Frank, an attorney, hereby certify that on **April 9, 2009,** I caused a true and correct copy of the foregoing **Notice of Application** and **Frank/Gecker LLP's First and Final Application for Compensation and Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors of Hearthside Baking Co., Inc.** to be filed electronically.  Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System.  In addition, copies were served this day upon the parties listed on the attached Service List via first class U.S. mail, postage prepaid, or as otherwise indicated.

*/s/ Joseph D. Frank*

# Mailing Information for Case 08-01187

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- David W Clark    dclark@psnrb.com
- Michael B Cohen    mcohen@staesandscallan.com, staes1@staesandscallan.com
- Jeffrey C Dan    jdan@craneheyman.com, slydon@craneheyman.com;dwelch@craneheyman.com
- Tejal S. Desai    tdesai@frltd.com, lgolab@frltd.com
- Joseph D Frank    jfrank@fgllp.com, ccarpenter@fgllp.com;rheiligman@fgllp.com;knewman@menterlaw.com;jkleinman@fgllp.com
- Chad H. Gettleman    cgettleman@ag-ltd.com
- Joseph P Kincaid    jkincaid@smbtrials.com
- Jeremy C Kleinman    jkleinman@fgllp.com
- Micah R Krohn    mkrohn@fgllp.com, ccarpenter@fgllp.com;rheiligman@fgllp.com
- Robert D Nachman    rnachman@dykema.com, nrakunas@dykema.com;truckman@dykema.com
- William T Neary    USTPRegion11.ES.ECF@usdoj.gov
- Jeffrey B Rose    jrose@tishlerandwald.com
- Adam P. Silverman    asilverman@ag-ltd.com
- Morgan M. Smith    mmsmith@dykema.com, truckman@dykema.com
- Charles S. Stahl Jr.    stahlch11@aol.com
- Bruce L Wald    bwald@tishlerandwald.com

# SERVICE LIST

*In re Hearthside Baking Co., Inc.*
**Case No. 08 B 01187**

| | |
|---|---|
| Richard Craig Friedman<br>Office of the United States Trustee<br>219 South Dearborn Street<br>Suite 873<br>Chicago, Illinois  60604<br>*Fax:  (312) 886-5794*<br>richard.c.friedman@usdoj.gov<br><br>*(Via Messenger)* | Thomas J. Verticchio<br>Swanson, Martin & Bell, LLP<br>330 North Wabash Avenue<br>Suite 3300<br>Chicago, Illinois  60611<br>*Fax:  (312) 321-0990*<br>tverticchio@smbtrials.com |

Domenico Vitale
70 Apricot Street
Thornhill, Ontario  L3T 1C8
CANADA
domvitale@rogers.com

*(Via Email)*

**OFFICIAL PLAN COMMITTEE OF UNSECURED CREDITORS OF HEARTHSIDE BAKING CO., INC.**

| | |
|---|---|
| Christopher W. Matern<br>205 West Wacker Drive<br>Suite 1600<br>Chicago, Illinois  60606<br>Fax:  (312) 236-3820<br>cmatern@maternlaw.com | Tammy Schmitt<br>Berry Plastics Corporation<br>101 Oakley Street<br>Evansville, Indiana  47710<br>Fax:  (812) 492-9417<br>tammyschmitt@berryplastics.com;<br>rondahale@berryplastics.com |
| Darrell J. Rudd<br>Rudd Container Corporation<br>4600 South Kolin Avenue<br>Chicago, Illinois  60632<br>Fax:  (773) 847-7930<br>ruddbox@aol.com | |