# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **HEARTHSIDE BAKING CO., INC.,** | ) | **Case No. 08 B 01187** |
| | ) | |
| Debtor. | ) | **Honorable Jacqueline P. Cox** |
| | ) | |
| | ) | **Hearing Date:** February 25, 2010 |
| | ) | **Hearing Time:** 9:30 a.m. |
| | ) | **Courtroom:** 619 |

## NOTICE OF MOTION

To:   See attached Service List

PLEASE TAKE NOTICE that on **Thursday, February 25, 2010, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 619 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present the **Motion of the Official Plan Committee of Hearthside Baking Co., Inc. for an Order Authorizing Abandonment of Records and Entry of a Final Decree**, a copy of which is attached hereto and hereby served upon you.

Dated: February 4, 2010

Respectfully submitted,

THE OFFICIAL PLAN COMMITTEE OF
HEARTHSIDE BAKING CO., INC.

By:   */s/ Joseph D. Frank*
         One of its attorneys

Joseph D. Frank (IL No. 6216085)
Jeremy C. Kleinman (IL No. 6270080)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Phone: (312) 276-1400
Fax:    (312) 276-0035

{ HEARTH / 001 / 00020934.DOC /}

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEARTHSIDE BAKING CO., INC., | ) | Case No. 08 B 01187 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

## MOTION OF THE OFFICIAL PLAN COMMITTEE OF HEARTHSIDE BAKING CO., INC. FOR AN ORDER AUTHORIZING ABANDONMENT OF RECORDS AND ENTRY OF A FINAL DECREE

The Official Plan Committee of Hearthside Baking Co., Inc. (the "Plan Committee") by its attorneys, pursuant to 11 U.S.C. §§ 350(a) and 554, Rules 3022 and 6007(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 3022-1, hereby requests entry of: (i) an order authorizing the Plan Committee to abandon the Debtor's remaining records; and (ii) a final decree closing the chapter 11 bankruptcy case of Hearthside Baking Co., Inc. ("Hearthside" or the "Debtor").  In support of this motion (the "Motion"), the Plan Committee respectfully states as follows.

## Jurisdiction

1. This Court has jurisdiction over this motion pursuant to 11 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. The statutory predicates for the relief requested herein are sections 350 and 554 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 3022 and 6007(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

**Background**

3.      On January 18, 2008, four of the Debtor's creditors filed an involuntary petition under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") initiating the bankruptcy case captioned *In re Hearthside Baking Co., Inc.,* Case No. 08-1187 (the "Case").

4.      On February 13, 2008, the Debtor consented to entry of an order for relief and converted the Case to a case under chapter 11 of the Bankruptcy Code.

5.      On February 22, 2008, the United States Trustee appointed the Official Committee of Unsecured Creditors of Hearthside Baking Co., Inc. (the "Creditors' Committee").

6.      On March 28, 2008, the Bankruptcy Court entered an order authorizing the Creditors' Committee to represent the Debtor's estate with respect to causes of action against insiders of the Debtor, including certain claims then pending in the Circuit Court of Cook County against several of the Debtor's insiders. The Creditors' Committee removed the litigation to this Court.

7.      On May 12, 2008, the Creditors' Committee filed an additional 60-count complaint against the Debtor's insiders. This Court consolidated the new litigation with the litigation removed from the Circuit Court of Cook County.

8.      On January 15, 2009, the Creditors' Committee filed the Official Committee of Unsecured Creditors of Hearthside Baking Co. Inc.'s Amended Plan of Liquidation of Hearthside Baking Co., Inc. d/b/a Maurice Lenell Cooky Company (the "Plan") and accompanying Disclosure Statement (the "Disclosure Statement"). Under the Plan, administrative expense claims ("Administrative Claims") and priority tax and gap-period claims arising between January 18, 2008 and February 13, 2009, remain unclassified as required by section 1123(a)(1) of the Bankruptcy Code (the "Unclassified Priority Claims"). The Plan

classified remaining claims and equity interests into four classes: Class 1 - claims entitled to priority pursuant to subsections 503(a)(3)-(a)(7) of the Bankruptcy Code ("Other Priority Claims"); Class 2 - secured claims against the Debtor's estate ("Secured Claims"); Class 3 - general unsecured claims against the Debtor's estate ("General Unsecured Claims"); and Class 4 - equity interests in the Debtor ("Equity Interests").

9. On February 18, 2009, the Bankruptcy Court conducted a combined hearing on the adequacy of the Disclosure Statement and confirmation of the Plan. At the conclusion of the hearing, the Bankruptcy Court entered an order approving the adequacy of the Disclosure Statement and announced that it would enter an appropriate order confirming the Plan once the U.S. Trustee's office confirmed that all appropriate payments due to the U.S. Trustee's office had been made.

10. On February 26, 2009 (the "Confirmation Date"), the Bankruptcy Court entered an order confirming the Plan. Under the Plan, the Plan Committee was formed to liquidate the Debtor's remaining assets and make distributions to creditors. The Plan became effective on March 10, 2009 (the "Effective Date"). Since the Effective Date, the Plan Committee has worked diligently to implement the Plan.

11. Pursuant to the Plan, on and after the Effective Date: (i) the Plan Committee was formed to take control of and liquidate the Debtor's remaining assets; (ii) Creditors' Committee members Christopher Matern, Darrell Rudd and Tammy Schmitt were appointed as the members of the Plan Committee; (iii) the Plan Committee assumed the duties of Disbursing Agent under the Plan to make all payments due to the Debtor's creditors under the Plan; and (iv) the Plan Committee liquidated the remaining assets of the Debtor's estate and reconciled the claims asserted against the Debtor.

12. As of the Effective Date, the Debtor's claims and causes of action against its various insiders constituted its most valuable unliquidated assets. Over the next five months, the Committee negotiated a settlement with all defendants that resolved all claims asserted on behalf of the Debtor's estate and certain additional claims asserted between the parties (the "Insider Settlement"). The Insider Settlement eliminated administrative, priority and unsecured claims against the estate that totaled over $3 million and provided over $2.4 million for the benefit of the Debtor's estate and its creditors.

13. On August 19, 2009, the Bankruptcy Court entered an order approving the Insider Settlement. Following the entry of the order, the Plan Committee received all payments due under from the various parties under the Insider Settlement and dismissed all claims asserted on behalf of the Debtor's estate with prejudice.

14. Following the receipt of the funds from the Insider Settlement, the Plan Committee began to make the distributions required under the Plan. The current status of payments due to each class under the Plan is as follows:

| Class | Type of Claim | Status |
|---|---|---|
|  | Administrative Claims | All allowed Administrative Claims have been paid in full, in cash, or in accordance with the ordinary course of business during the pendency of the Case, except that the professional fees and costs, incurred prior to the Confirmation Date were paid pursuant to orders of this Court approving same. |
|  | Unclassified Priority Claims | All allowed Unclassified Priority Claims have been paid in full by the Committee. |
| 1 | Other Priority Claims | All allowed Other Priority Claims have been paid in full by the Committee. |
| 2 | Secured Claims | All Secured Claims were resolved during the course of the Debtor's case prior to confirmation or were disallowed by order of the Bankruptcy Court. |

| **Class** | **Type of Claim** | **Status** |
|---|---|---|
| 3 | General Unsecured Claims | Holders of Unsecured Claims have been paid 40% of their allowed general unsecured claims from the remaining assets of the Debtor's estate. The Committee is holding certain funds pending resolution of any tax issues and estimates that it will make an additional distribution of between 10% and 13% of general unsecured creditors' allowed claims.[1] |
| 4 | Equity Interests | All Equity Interests in the Debtor were cancelled as of the Effective Date. |

15. As of the filing of this Motion, the Plan Committee has liquidated all valuable assets of the Debtor's estate,[2] resolved all pending claims against the Debtor's estate, and expects to soon complete the final distributions contemplated by the Plan. The Plan Committee has undertaken a good-faith effort to locate and ascertain the address of any Claimholder from whom prior correspondence was returned undelivered. The distributions on account of Allowed General Unsecured Claims have resulted in a total distribution of approximately $2.2 million to the Debtor's general unsecured creditors.

16. The Plan Committee, with the assistance of Alan Lasko and Associates, P.C., has filed the final tax return for the Debtor's estate and provided the requisite notice to the Internal Revenue Service seeking an accelerated determination of any tax liability. The statutory review period is scheduled to run prior to the hearing on this Motion. Except in the unlikely event that it becomes necessary to litigate the issue of the Debtor's tax liability, as of the entry of the Final Decree closing the Case, the Plan Committee will have fully liquidated all valuable assets of the Debtor's estate and resolved all claims asserted against it. Therefore, the members of the Plan

---

[1] Pursuant to the requirements of the Plan, to the extent the initial distribution to a general unsecured creditor totaled less than $100.00, the Plan Committee did not make a distribution. These creditors will receive their full *pro rata* distributions in the final distribution, which the Plan Committee expects to make in February, 2010.

[2] Prior to confirmation, Debtor's counsel made substantial efforts to collect the Debtor's outstanding accounts receivable. Despite these efforts, certain of these accounts receivable have been deemed uncollectible.

Committee will have fully executed their fiduciary duties under the Plan, and should be discharged.

17. Since the Effective Date, the Plan Committee has maintained approximately 70 bankers' boxes containing those books and records of the Debtor that the Plan Committee deemed necessary for: (i) litigation of claims against the Debtor's insiders; (ii) review and evaluation of the asserted claims against the Debtor; and (iii) liquidation of the Debtor's remaining assets. Many of these records (collectively, the "Records") are over five or, in some cases, ten years old and consist mainly of invoices, check copies, payroll records and other historical business records of the Debtor. The Records are currently being held at the offices of the Plan Committee's counsel, Frank/Gecker LLP, at 325 North LaSalle Street, Suite 625, in Chicago, Illinois.

18. As the Debtor's estate will, at the time of the hearing on this Motion, be fully administered, the Plan Committee no longer requires the Records for the exercise of its fiduciary duties, other than any Records specifically needed to comply with tax and other applicable laws. Furthermore, the Plan Committee has determined that the remaining Records are of inconsequential value or benefit to the post-confirmation estate and its creditors and should be abandoned.

**Relief Requested**

19. By this Motion, the Plan Committee seeks entry of: (a) an order authorizing the Plan Committee to abandon the Records, other than any Records specifically needed in connection with tax reporting requirements and any other applicable law; and (b) a final decree closing the Case and discharging the members of the Plan Committee, substantially in the form attached hereto as Exhibit A (the "Final Decree").

### Basis for Relief Requested

20. Pursuant to section 554 of the Bankruptcy Code, a trustee or debtor in possession may "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

21. Because the Case has been fully administered, and the Debtor ceased its business operations prior to confirmation of the Plan, there is no longer a need to retain the Records, other than those required for tax purposes. The Plan Committee therefore seeks authorization to abandon and/or destroy the Records to the extent not contrary to any applicable law.

22. Section 350(a) of the Bankruptcy Code provides that after an estate is fully administered "the court shall close the case." Rule 3022 of the Federal Rules of Bankruptcy Procedure provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

23. Although the phrase "fully administered" is not defined by the Bankruptcy Code, courts generally look to the following factors in deciding whether to issue a final decree:

> (1) whether the order confirming the plan has become final;
>
> (2) whether deposits required by the plan have been distributed;
>
> (3) whether the property proposed by the plan to be transferred has been transferred;
>
> (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
>
> (5) whether payments under the plan have commenced; and
>
> (6) whether all motions, contested matters, and adversary proceedings have been fully resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991); *In re JMP-Newcor International, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998).

24.    The Case has been "fully administered" within the meaning of Section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the Case. Specifically, all valuable assets of the Debtor's estate have been fully liquidated, all claims filed against the Debtor's estate have been resolved, payments required to be made pursuant to the Plan have been made or provisions have been made for their payment, the Confirmation Order is final and nonappealable, and there are no pending motions, contested matters, or adversary proceedings. In addition, all outstanding fees due to the Office of the United States Trustee, pursuant to 28 U.S.C. § 1930, have been or will be paid.

25.    Therefore, because the Case is "fully administered," it is fair and equitable and in the best interests of the Debtor's estate that this Court enter the Final Decree closing the Case and discharging the Plan Committee.

### Notice

26.    At least 20 days' notice of this Motion has been provided to the Office of the United States Trustee and the parties listed on the attached Service List. In addition, pursuant to Local Bankruptcy Rule 3022-1, approximately 20 days' notice of this Motion, in the form of the Notice of Hearing on Motion of the Official Plan Committee of Hearthside Baking Co., Inc. for an Order Authorizing Abandonment of Records and Entry of Final Decree attached as Exhibit B hereto, has been provided to all of the Debtor's creditors with allowed claims. Therefore, the Plan Committee believes no further notice is required.

WHEREFORE, the Official Plan Committee of Hearthside Baking Co, Inc., respectfully requests that the Court: (a) enter an order authorizing the abandonment and/or destruction of the Records, other than documents that may be required in connection with any tax reporting

requirements and any other applicable law; (b) enter a final decree closing the Case and

discharging the Plan Committee; and (c) grant such further relief as is just.

Dated: February 4, 2010                THE OFFICIAL PLAN COMMITTEE OF
                                       HEARTHSIDE BAKING CO., INC.


                                       By:      */s/ Joseph D. Frank*
                                              One of its attorneys

Joseph D. Frank (IL No. 6216085)
Jeremy C. Kleinman (IL No. 6270080)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Phone: (312) 276-1400
Fax:    (312) 276-0035
jfrank@fgllp.com
jkleinman@fgllp.com

## **CERTIFICATE OF SERVICE**

I, Joseph D. Frank, an attorney, hereby certify that on February 4, 2010, service of the **Motion of the Official Plan Committee of Hearthside Baking Co., Inc. for an Order Authorizing Abandonment of Records and Entry of a Final Decree** on all parties identified as Registrants on the Service List attached was accomplished through the Court's Electronic Notice for Registrants.  In addition, I caused copies to be sent First Class U.S. Mail, postage prepaid, except as otherwise indicated on the Service List attached hereto, on February 4, 2010.

*/s/ Joseph D. Frank*

# Mailing Information for Case 08-01187

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- David W Clark     dclark@psnrb.com
- Michael B Cohen     mcohen@staesandscallan.com, staes1@staesandscallan.com
- Jeffrey C Dan     jdan@craneheyman.com, slydon@craneheyman.com;dwelch@craneheyman.com
- Tejal S. Desai     tdesai@frltd.com, lgolab@frltd.com
- Joseph D Frank     jfrank@fgllp.com, ccarpenter@fgllp.com;knewman@menterlaw.com;jkleinman@fgllp.com
- Chad H. Gettleman     cgettleman@ag-ltd.com
- R M Gummerson     mgummerson@lawgr.com
- Reed A Heiligman     rheiligman@fgllp.com, ccarpenter@fgllp.com
- Joseph P Kincaid     jkincaid@smbtrials.com
- Matthew T Kinst     mkinst@smbtrials.com
- Jeremy C Kleinman     jkleinman@fgllp.com
- Micah R Krohn     mkrohn@fgllp.com, ccarpenter@fgllp.com;rheiligman@fgllp.com
- Robert D Nachman     rnachman@dykema.com, nrakunas@dykema.com;truckman@dykema.com
- William T Neary     USTPRegion11.ES.ECF@usdoj.gov
- Jeffrey B Rose     jrose@tishlerandwald.com, bmurzanski@tishlerandwald.com
- Adam P. Silverman     asilverman@ag-ltd.com
- Morgan M. Smith     mmsmith@dykema.com, truckman@dykema.com
- Charles S. Stahl, Jr.     cstahl@smbtrials.com
- Bruce L Wald     bwald@tishlerandwald.com

## SERVICE LIST

*In re Hearthside Baking Co., Inc.*
**Case No. 08 B 01187**

| | |
|---|---|
| **United States Trustee** | **Counsel for Debtor** |
| Richard Craig Friedman | Chad H. Gettleman |
| Office of the United States Trustee | Adam P. Silverman |
| 219 South Dearborn Street | Adelman & Gettleman, Ltd. |
| Suite 873 | 53 West Jackson Boulevard, Suite 1050 |
| Chicago, Illinois  60604 | Chicago, Illinois  60604 |
| *Fax: (312) 886-5794* | *Fax: (312) 435-1059* |
| richard.c.friedman@usdoj.gov | cgettleman@ag-ltd.com; |
| | asilverman@ag-ltd.com |
| **Counsel for Wayne Cohen** | **Counsel for Andee Cohen Kochavi, Florence Barton and Shimon Kochavi** |
| Stephen Scallan | Robert A. Langendorf |
| Michael B. Cohen | Robert A. Langendorf PC |
| Staes & Scallan, PC | 134 North LaSalle Street, Suite 1515 |
| 111 West Washington Street, Suite 1631 | Chicago, Illinois  60602 |
| Chicago, Illinois  60602 | *Fax: (312) 377-1771* |
| *Fax: (312) 201-9233* | rlangendorf@comcast.net |
| stevescallan@covad.net; | |
| mcohen@staesandscallan.com | |
| Martin W. Salzman | **Counsel for Marvin Gordon** |
| Dykema Gossett PLLC | Law Office of David Gordon |
| 10 South Wacker Drive, Suite 2300 | David E Gordon |
| Chicago, Illinois  60606 | 1906 Sunnyside Circle |
| *Fax: (312) 876-1155* | Northbrook, Illinois  60062 |
| msalzman@dykema.com | (847) 559-1196 |
| | dgordon@gordonlegalservices.com |
| **Counsel for Excel Container, Inc.** | **Counsel for Melvin Blum** |
| Richard C. Perna | Monte L. Mann |
| Jejal S. Desai | John F. Shonkwiler |
| Fuchs & Roselli, Ltd. | Julie Johnston-Ahlen |
| 400 West Randolph Street, Suite 500 | Novack and Macey LLP |
| Chicago, Illinois  60606 | 100 North Riverside Plaza |
| *Fax: (312) 651-2499* | Chicago, Illinois  60606 |
| tdesai@frltd.com | *Fax: (312) 419-6928* |
| | mmann@novackandmacey.com; |
| | mmann@novackandmacey.com; jjohnston-ahlen@novackandmacey.com |

| | |
|---|---|
| **Counsel for Tewaan Corp.** | **Counsel for Terry Cohen and Miriam Cohen** |
| Bruce L. Wald | Jeffrey P. Kincaid |
| Jeffrey B. Rose | Thomas J. Verticchio |
| Tishler & Wald, Ltd. | Charles S. Stahl |
| 200 South Wacker Drive, Suite 3000 | Swanson, Martin & Bell, LLP |
| Chicago, Illinois  60606 | 330 North Wabash Avenue, Suite 3300 |
| *Phone:  (312) 876-3800* | Chicago, Illinois  60611 |
| *Fax:  (312) 876-3816* | *Fax:  (312) 321-0990* |
| bwald@tishlerandwald.com | jkincadi@smbtrials.com; |
| jrose@tishlerandwald.com | tverticchio@smbtrials.com |
| | cstahl@smbtrials.com |
| ***VIA EMAIL*** | JBS Logistics, Inc. |
| Francis J. Bongiovanni | 200 Regency Drive |
| Law Offices of Francis J. Bongiovanni | Glendale Heights, Illinois  60139 |
| 108 North Bokelman Street | *Fax:  (630) 307-9445* |
| Roselle, Illinois  60172 | |
| *Fax:  (630) 295-9555* | |
| fbongilaw@sbcglobal.net | |
| | |
| Elmwood Packaging, Inc. | ***VIA EMAIl*** |
| c/o Jonathan M. Weis | Domenico Vitale |
| Levin Ginsburg | 70 Apricot Street |
| 180 North LaSalle Street | Thornhill, Ontario  L3T 1C8 |
| Suite 3200 | CANADA |
| Chicago, Illinois  60601-2800 | domvitale@rogers.com |
| | |
| **Counsel for Bank United, FSB** | American Express Bank FSB |
| David W. Clark | P.O. Box 3001 |
| Peregrine, Stime, Newman, | Malvern, Pennsylvania  19355-0701 |
| Ritzman & Bruckner, Ltd | |
| 221 East Illinois Street | |
| P.O. Box 564 | |
| Wheaton, Illinois  60187-0564 | |
| *Fax:  (630) 665-0407* | |
| dclark@psnrb.com | |
| | |
| Richard Monroe | |
| RB Dwyer Co., Inc. | Executive Risk Indemnity Inc. |
| 2891 East Miraloma Avenue | 15 Mountain View Road |
| Anaheim, California  92806 | Warren, New Jersey  07059 |
| *Fax:  (714) 630-1210* | |
| richardm@rbdwyer.com | |
| | |
| Chubb Group of Insurance Companies. | Great American Insurance Co. Group |
| 15 Mountain View Road | 580 Walnut Street |
| Warren, New Jersey  07059 | Cincinnati, Ohio  45202 |

**O**FFICIAL **P**LAN **C**OMMITTEE OF **H**EARTHSIDE **B**AKING **C**O**., I**NC**.**

*Counsel for CFC, Inc.,*
*d/b/a Columbus Foods Company*
c/o Christopher W. Matern
205 West Wacker Drive, Suite 1600
Chicago, Illinois  60606
Fax:  (312) 236-3820
cmatern@maternlaw.com

*Counsel for Berry Plastics Corporation*
Tammy Schmitt
Ronda Hale
Berry Plastics Corporation
101 Oakley Street
Evansville, Indiana  47710
Fax:  (812) 492-9417
tammyschmitt@berryplastics.com;
rondahale@berryplastics.com

Darrell J. Rudd
Rudd Container Corporation
4600 South Kolin Avenue
Chicago, Illinois  60632
Fax:  (773) 847-7930
ruddbox@aol.com