IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEARTHSIDE BAKING CO., INC., | ) | Case No. 08 B 01187 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

### FINAL DECREE AND ORDER AUTHORIZING ABANDONMENT OF RECORDS

THIS MATTER COMING ON TO BE HEARD UPON the motion (the "Motion") of the Official Plan Committee (the "Plan Committee") of Hearthside Baking Co., Inc. (the "Debtor") seeking entry of a final decree and entry of an order authorizing the abandonment of the Debtor's records, pursuant to 11 U.S.C. §§ 350(a) and 554, Rules 3022 and 6007(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 3022-1; a hearing on the Motion having been held on February 25, 2010; due and proper notice having been given; no objection having been raised prior to or at the hearing on the Motion; and the Court being well advised in the premises and having jurisdiction over this core proceeding;

BASED ON THE REPRESENTATIONS OF THE PLAN COMMITTEE, IT IS HEREBY FOUND AND DETERMINED THAT:

A. On January 18, 2008, four of the Debtor's creditors filed an involuntary petition under chapter 7 of the United States Bankruptcy Code (11 U.S.C. § 101, *et seq.*, hereafter, the "Bankruptcy Code"), initiating the bankruptcy case captioned *In re Hearthside Baking Co., Inc.,* Case No. 08-1187 (the "Case").

B. On February 13, 2008, the Debtor consented to entry of an order for relief and converted its Case to a case under chapter 11 of the Bankruptcy Code.

{ HEARTH / 001 / 00020972.DOC /}

C. On February 22, 2008, the United States Trustee appointed the Official Committee of Unsecured Creditors of Hearthside Baking Co., Inc. (the "Creditors' Committee").

D. On January 15, 2009, the Creditors' Committee filed the Official Committee of Unsecured Creditors of Hearthside Baking Co. Inc.'s Amended Plan of Liquidation of Hearthside Baking Co., Inc. d/b/a Maurice Lenell Cooky Company (the "Plan") and accompanying Disclosure Statement (the "Disclosure Statement").

E. After entering an order approving the Disclosure Statement on February 18, 2009, on February 26, 2009 (the "Confirmation Date") the Court entered an order confirming the Plan. The Plan became effective on March 10, 2009 (the "Effective Date").

F. Pursuant to the Plan, on and after the Effective Date: (i) the Plan Committee was formed to take control of and liquidate the Debtor's remaining assets; (ii) Creditors' Committee members Christopher Matern, Darrell Rudd and Tammy Schmitt were appointed as the members of the Plan Committee; (iii) the Plan Committee assumed the duties of Disbursing Agent under the Plan to make all payments due to the Debtor's creditors under the Plan; and (iv) the Plan Committee liquidated the remaining assets of the Debtor's estate and reconciled the claims asserted against the Debtor.

G. The Plan Committee has completed its liquidation of all remaining valuable assets of the Debtor's estate, resolved all claims filed against the Debtor's estate, and completed all distributions contemplated by the Plan. The Plan Committee has undertaken a good-faith effort to locate and ascertain the address of any claimholder from whom prior correspondence was returned undelivered.

H. As of January 31, 2010, the Plan Committee has dispersed approximately $2.2 million to creditors. After the final distribution to holders of allowed general unsecured claims,

{ HEARTH / 001 / 00020972.DOC /}

the Committee believes that there will be no funds remaining in Debtor's post-confirmation estate. The first interim and final distributions to holders of allowed general unsecured claims will yield total distributions of between 50% and 53% to the Debtor's general unsecured creditors.

I. The Plan Committee has maintained, and is in possession of, the Debtor's books and records that have been necessary for the post-confirmation administration of the Debtor's estate (the Trust Records").

J. As the Debtor's estate has been fully administered, the Plan Committee no longer needs the Records other than those records specifically needed to comply with tax and other applicable laws.

K. As of the entry of the Final Decree closing the Case, the members of the Plan Committee will have fully executed their fiduciary duties under the Plan, and it is appropriate that they be discharged.

L. The docket maintained in the Case reflects no pending adversary proceedings or contested matters.

M. All outstanding fees due to the Office of the United States Trustee, pursuant to 28 U.S.C. § 1930, have been or will be paid.

N. Notice of this Motion and the Motion has been served on the Office of the United States Trustee and on the standard service list. In addition, pursuant to Local Bankruptcy Rule 3022-1, notice of this Motion has been served on all of the Debtor's creditors holding allowed claims.

{ HEARTH / 001 / 00020972.DOC /}                - 3 -

IT IS HEREBY ORDERED THAT:

1. Pursuant to 11 U.S.C. § 350(a) and Bankruptcy Rule 3022, the Chapter 11 case captioned *In re Hearthside Baking Co., Inc.*, Case No. 08 B 01187, is closed, and the members of the Plan Committee are discharged.

2. The Plan Committee is authorized to **abandon** and/or destroy the Records, except those documents that may be required in connection with any tax reporting requirements and any other applicable law.

DATED: ~~FEBRUARY~~ March 18, 2010         ENTERED:

*J. Cox*

*Jacqueline P. Cox*

UNITED STATES BANKRUPTCY COURT